NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| WALTER BLADIMIR ANAYA MORALES, a.k.a. Walter Anaya, | No. 12-73126 |
| Petitioner, | Agency No. A094-312-083 |
| v. | MEMORANDUM* |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 17, 2013**

Before:     GOODWIN, WALLACE, and GRABER, Circuit Judges.

Walter Bladimir Anaya Morales, a native and citizen of El Salvador,

petitions for review of the Board of Immigration Appeals' ("BIA") order

dismissing his appeal and denying his motion to remand alleging ineffective

assistance of counsel.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review

---

   *     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

   **     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

for abuse of discretion the denial of a motion to remand, *Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005), and review de novo claims of due process violations, *Zetino v. Holder,* 622 F.3d 1007, 1011-12 (9th Cir. 2010). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Anaya Morales' motion to remand because he failed to show he was prejudiced by his counsels' performance. *See Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 826-28 (9th Cir. 2003) (no prejudice where motion failed to present plausible grounds for relief); *see also Zetino,* 622 F.3d at 1016 ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."); *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151-52 (9th Cir. 2010).

We lack jurisdiction over Anaya Morales' claim, raised for the first time on appeal, that the immigration judge violated Anaya Morales' right to due process by failing to inform him of his "apparent eligibility" for withholding of removal and protection under the CAT. *See Rojas-Garcia*, 339 F.3d at 819 (a petitioner must first exhaust issues before the agency).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**